IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GATEWAY LUMBER CO., et al. (Gateway Lumber Co.), Plaintiffs, | ) | Consolidated under lead case No. 87-435C |
| v. | ) | (No. 87-435C) (Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR DEFAULT JUDGMENT AS TO QUANTUM IN GATEWAY LUMBER CO. v. UNITED STATES, NO. 87-435C

Pursuant to Rule 55(b) and this Court's January 9, 2007 Order, we respectfully request that the Court enter a default judgment against Gateway Lumber Company ("Gateway") and in favor of the United States on its counterclaim in the amount of $916,412.61, plus interest calculated pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 611.[1] In support of this motion, we rely upon the pleadings, this Court's April 11, 2006 Order which entered a default against Gateway pursuant to Rule 55(a), the attached Declaration of Christine Anderson, and the documents reproduced in our attached appendix.

Rule 55(b) provides for the entry of a default judgment, where, as here, Gateway has failed to defend itself and the Government "establishes a claim or right to relief by evidence satisfactory to the court." Id. As a result of Gateway's earlier failure to respond to our motion for partial summary judgment as to liability, this Court, in its April 11, 2006 Order, concluded

[1] The United States is entitled, as a matter of law, to prejudgment interest calculated pursuant to the CDA from January 1, 1994. Seaboard Lumber Co. v. United States, 48 Fed. Cl. 814, 836-37 (2001), aff'd 308 F.3d 1283 (Fed. Cir. 2002).

that "liability is established" and directed the clerk "to enter default in favor of the [United States] on its counterclaim. See Order of April 11, 2006.

Gateway's Eldred Creek Timber Sale Contract, which is the subject of this case, contained Standard Provision B9.4, which provides the formula for determining the damages, if any, due the United States in the event of a purchaser's default. Standard Provision B9.4 provides in pertinent part:

> B9.4 Failure to Cut. In the event of (a) termination for breach or (b) Purchaser's failure to cut designated timber on portions of the Sale Area by Termination date, Forest Service shall appraise remaining Included Timber, unless termination is under B8.22. Such appraisal shall be made with the standard Forest Service method in use at time of termination.
>
> Damages due the United States for Purchaser's failure to cut and remove such timber meeting Utilization Standards shall be the amount by which the Current Contract Value[,] plus the cost of resale, less any effective Purchaser Credits remaining at time of termination, exceeds the resale value at new Bid Rates. If there is no resale, damages due shall be determined by subtracting from the value established by said appraisal from the difference between Current Contract Value and Effective Purchaser Credit.

See D. App. 1 (Standard Provision B9.4).

After Gateway's default, the Forest Service chose not to resell the remaining timber included in the Sale. Anderson Decl. ¶ 2.[2] The Federal Circuit has repeatedly held that the United States is entitled to damages calculated in the manner prescribed by Standard Provision B9.4 where, as here, the Forest Service chooses not to resell the remaining, uncut timber included in a defaulted sale. Hoskins Lumber Co. v. United States, 89 F.3d 816, 817 (Fed. Cir. 1996);

[2] "Anderson Decl. ¶ __" refers to the cited paragraph(s) in the accompanying Declaration of Christine Anderson.

Madigan v. Hobin Lumber Co., 986 F.2d 1401, 1405 (Fed. Cir. 1993). Further, the Federal Circuit has made clear that "the *only* question" for the trial court in a case such as this is "whether the government complied with its standard appraisal method" in determining the value of the remaining timber at the time of contract termination. Hoskins Lumber, 89 F.3d at 817 (emphasis in original).

As demonstrated in her Declaration, Ms. Anderson has determined the damages due the United States as a result of Gateway's default using the standard Forest Service appraisal method in use at the time of contract termination (August 1985). See Anderson Decl. ¶¶ 1-8. We incorporate here, by reference, Ms. Anderson's Declaration which sets forth the amount of the damages due the United States ($916,412.61) and demonstrates the manner in which they were determined (i.e., using the then-standard Forest Service appraisal method).

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter a default judgment against Gateway and in favor of the United States on its counterclaim in the amount of $916,412.61, plus interest pursuant to the CDA from January 1, 1994.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

J. CHRISTOPHER KOHN
Director

JOHN W. SHOWALTER
Assistant Director

s/Richard P. Nockett
RICHARD P. NOCKETT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W. (8th Floor)
Washington, D.C. 20530
Tele: (202) 307-1134
Fax: (202) 307-0494

Attorneys for Defendant

Dated: February 8, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 9th day of Feburary 2007, I caused copies of the foregoing "DEFENDANT'S MOTION FOR DEFAULT JUDGMENT AS TO QUANTUM IN GATEWAY LUMBER CO. v. UNITED STATES, No. 87-435C," and the accompanying "DECLARATION OF CHRISTINE ANDERSON", and the "APPENDIX TO DEFENDANT'S MOTION FOR DEFAULT JUDGMENT AS TO QUANTUM" to be served upon the following individual by United States mail (first-class, postage prepaid) and also by facsimile transmission.

DENNIS J. DUNPHY, Esq.
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, Washington 98101-2393

s/Richard P. Nockett